UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH LITTLE, CATHY ARMSTRONG, CLAIR AWAD, KELLY BRANCH, SUZANNE FITZGERALD, MARI GUNN, SARAH HERNANDEZ, STACY VAIL, CHRISTINA VANVLIET, BILLIE BARNETTE, and ROBERT RULLO, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNILEVER UNITED STATES, INC., AEROPRES CORPORATION, and VOYANT BEAUTY, LLC,<br><br>*Defendants.* | Case No. 3:22-cv-01189-MPS |
| VOYANT BEAUTY, LLC,<br><br>*Defendant/First Third-Party Plaintiff,*<br><br>v.<br><br>DIVERSIFIED CPC INTERNATIONAL, INC.,<br><br>*First Third-Party Defendant.* | |
| AEROPRES CORPORATION,<br><br>*Defendant/Second-Third Party Plaintiff,*<br><br>v.<br><br>BP ENERGY COMPANY and AUX SABLE LIQUID PRODUCTS LP,<br><br>*Second-Third Party Defendants.* | |

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs Elizabeth Little, Cathy Armstrong, Clair Awad, Kelly Branch, Suzanne Fitzgerald, Mari Gunn, Sarah Hernandez, Stacy Vail, Christina VanVliet, Billie Barnette, and Robert Rullo ("Plaintiffs"), individually, and on behalf of the Settlement Class,[1] file their Unopposed Motion for Preliminary Approval of Settlement Agreement. In support thereof, as more fully set forth in Plaintiffs' accompanying Memorandum of Law ("Mem."), Plaintiffs state as follows:

1. This action involves Defendants Unilever United States, Inc.'s, Voyant Beauty, LLC's, and Aeropres Corporation's ("Defendants") manufacture, packaging, labeling, marketing, advertisement, sale, and distribution of the Covered Products, which Plaintiffs allege were sold to consumers while contaminated with harmful levels of a carcinogen chemical called benzene. Defendants dispute these allegations.

2. Plaintiffs, individually, and on behalf of the Settlement Class, and Defendants have entered into a Settlement that resolves Plaintiffs' claims on a class-wide basis.

3. The Settlement Class is defined as "all natural persons who, between January 1, 2014 and December 31, 2022, purchased in the United States any Covered Product for personal, family or household use, and not resale." Settlement ¶ 2.35.

4. The Settlement provides significant relief for the Settlement Class, including a non-reversionary Settlement Fund in the amount of $3,625,000.00.

---

[1] All capitalized terms not otherwise defined herein have the same definitions as set out in the Settlement Agreement, an executed copy of which is attached as **Exhibit 1** to the Declaration of Steven L. Bloch. Plaintiff Mari Gunn's signature to the Settlement Agreement will be submitted to the court forthwith.

5. The Court should find that the Settlement is fair, reasonable, and adequate. It meets all the Second Circuit's standards for the approval of class action settlements, as well as the Fed. R. Civ. P. 23(e)(2) factors, and therefore warrants Preliminary Approval. The Settlement was negotiated at arm's length by competent, experienced counsel, with the assistance of a third-party mediator. It provides Settlement Class Members with substantial monetary relief in a prompt and efficient manner while at the same time mitigating the risk of protracted litigation and/or a negative outcome that would preclude any recovery whatsoever for the Settlement Class.

6. Further, the Settlement Class satisfies the requirements of Rule 23(a) numerosity, commonality, typicality, and adequacy.

7. The numerosity requirement is easily met because purchasers of the Covered Products during the relevant time period number at least in the hundreds of thousands and are geographically located throughout the United States, making joinder impracticable.

8. The commonality requirement is met because there are questions of law and fact common to the Settlement Class including, but not limited to, whether the Covered Products contained, or risked containing, benzene; whether Defendants knew of should have known that the Covered Products contained, or risked containing, benzene; whether Defendants misrepresented material facts and/or failed to disclose materials facts in connection with the manufacturing, packaging, labeling, marketing, distribution, and sale of the Covered Products; and the nature of damages sustained as a result of Defendants' conduct. Resolution of these common questions would require evaluation of the questions' merits under single objective standards.

9. Plaintiffs' claims are also typical of the claims of the Settlement Class. Specifically, Plaintiffs' claims, legal theories, and evidence are identical to those of other members of the Settlement Class. Plaintiffs, like all members of the Settlement Class, purchased the Covered

Products during the Class Period and suffered damages because of Defendants' alleged misconduct.

10. Finally, Plaintiffs and Plaintiffs' Counsel will adequately protect the interest of the class. Plaintiffs' interests are coextensive with those of the Settlement Class. Like all members of the Settlement Class, Plaintiffs have claims against Defendants in connection with their purchase of Covered Products during the Class Period. Plaintiffs, like all members of the Settlement Class, were also allegedly injured by Defendants' allegedly wrongful acts. Proof of Plaintiffs' claims would necessarily involve adjudicating the same issues of law and fact as the claims of the Settlement Class as a whole. Thus, Plaintiffs and the Settlement Class they seek to represent have the same interests in recovering damages allegedly caused by Defendants' wrongful conduct. Likewise, Plaintiffs' Counsel are highly qualified and have significant experience litigating consumer class actions. They will adequately represent the Settlement Class.

11. The Settlement Class also satisfies Rule 23(b)(3), which requires the Court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

12. Plaintiffs' claims involve common questions of law and fact because the same set of operative facts applies to the Settlement Class. Accordingly, whether Defendants engaged in unfair practices will entail common proof. Thus, the "predominance" requirement is satisfied.

13. The requirement of superiority also is met because, given the relatively modest amounts that Settlement Class members would stand to recover in individual actions, it is improbable that many would possess the initiative to litigate individually. A class action is the superior method for the fair and efficient adjudication of these claims. Plaintiffs' claims are shared

by hundreds of thousands of consumers nationwide, and resolution of all Settlement Class Members' claims in a single proceeding promotes judicial efficiency and avoids inconsistent decisions. Further, it is unlikely that any Settlement Class member would be willing or able to pursue relief on an individual basis.

14. Plaintiffs also respectfully request that Plaintiffs' Counsel be appointed as counsel for the Settlement Class under Rule 23(g). Plaintiffs and the Settlement Class are represented by qualified and competent Counsel, whom the Court appointed as Interim Lead Class Counsel and the Executive Committee in this matter.

15. Plaintiffs also respectfully ask the Court to approve the Notice Plan, which is the best notice practicable under the circumstances. It includes a Long Form Notice, Email Notice, Settlement Website, and Toll-free phone number, and shall provide, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Filing Deadline; a date by which Settlement Class Members may exclude themselves from the Settlement Class; a date by which Settlement Class Members may object to the Settlement and/or to Plaintiffs' Counsel's Motion for Attorneys' Fees, Costs and Service Awards; the date the Final Approval hearing is scheduled to occur; and the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information.

16. The Notice Plan is designed to directly reach a very high percentage of Settlement Class Members through the Media Campaign.

17. The Parties selected Angeion Group, a well-respected settlement administrator, to act as the Claims Administrator, with Court approval. The Parties will jointly oversee the Claims Administrator.

18. Plaintiffs' Counsel has conferred with Defendants' Counsel, and Defendants do not oppose this motion.

19. Accordingly, for these reasons, and those set forth in Plaintiffs' Memorandum of Law filed contemporaneously herewith, Plaintiffs respectfully ask the Court to find the Settlement is fair, adequate, and reasonable and enter an order: (i) granting Preliminary Approval of the Settlement; (ii) provisionally certifying the Settlement Class for settlement purposes; (iii) appointing the Plaintiffs as Class Representatives and Plaintiffs' Counsel Silver Golub & Teitell LLP as Lead Class Counsel for the Settlement Class and the firms Sauder Schelkopf LLC and Squitieri & Fearon LLP as Executive Committee for the Settlement Class; (iv) approving the form and manner of the Notice Plan; (v) appointing Angeion Group as Claims Administrator; (vi) establishing deadlines for the Exclusion and Objection Period; and (vii) scheduling a Final Approval hearing at which the Court will consider Final Approval of the Settlement, Class Certification, and Plaintiffs' Counsel's Motion for Attorneys' Fees, Costs and Service Awards for the Class Representatives.

20. A Proposed Order is submitted herewith.

Dated: May 5, 2025										Respectfully submitted,

**SILVER GOLUB & TEITELL LLP**

*/s/ Steven L. Bloch*

Steven L. Bloch (ct31246)
Ian W. Sloss (ct31244)
Johnathan Seredynski (ct30412)
Krystyna Gancoss (ct31660)
SILVER GOLUB & TEITELL LLP
One Landmark Square, 15th Floor
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769
sbloch@sgtlaw.com
isloss@sgtlaw.com
jseredynski@sgtlaw.com
kgancoss@sgtlaw.com

*Interim Lead Class Counsel*

SAUDER SCHELKOPF
Joseph G. Sauder*
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (888) 711-9975
Facsimile: (610) 421-1326
jgs@sstriallawyers.com

SQUITIERI & FEARON, LLP
Stephen J. Fearon, Jr.*
305 Broadway, 7th Floor
New York, New York 10007
P: (212) 421-6492
F. (212) 421-6553
stephen@sfclasslaw.com

*\*Admitted pro hac vice*

*Interim Executive Committee*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 5, 2025, a copy of the foregoing was filed electronically with the Clerk of Court via CM/ECF. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the court's CM/ECF system.

                                                     */s/ Steven L. Bloch*
                                                     Steven L. Bloch