UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH LITTLE, CATHY ARMSTRONG, CLAIR AWAD, KELLY BRANCH, SUZANNE FITZGERALD, MARI GUNN, SARAH HERNANDEZ, STACY VAIL, CHRISTINA VANVLIET, BILLIE BARNETTE, and ROBERT RULLO, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNILEVER UNITED STATES, INC., AEROPRES CORPORATION, and VOYANT BEAUTY, LLC, <br><br> *Defendants.* | Case No. 3:22-cv-01189-MPS |
| VOYANT BEAUTY, LLC, <br><br> *Defendant/First Third-Party Plaintiff,* <br><br> v. <br><br> DIVERSIFIED CPC INTERNATIONAL, INC., <br><br> *First Third-Party Defendant.* | |
| AEROPRES CORPORATION, <br><br> *Defendant/Second-Third Party Plaintiff,* <br><br> v. <br><br> BP ENERGY COMPANY and AUX SABLE LIQUID PRODUCTS LP, <br><br> *Second-Third Party Defendants.* | |

**DECLARATION OF STEVEN L. BLOCH IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL**

Steven L. Bloch, counsel for Plaintiffs Elizabeth Little, Cathy Armstrong, Clair Awad, Kelly Branch, Suzanne Fitzgerald, Mari Gunn, Sarah Hernandez, Stacy Vail, Christina VanVliet, Billie Barnette and Robert Rullo, declares as follows:

1. I am counsel of record for Plaintiffs and proposed Lead Class Counsel for the Settlement Class in the above-captioned matter. I submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Agreement. Unless otherwise noted, I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

2. Attached as **Exhibit 1** is a true and correct copy of the Settlement Agreement that the parties reached in this case, and which is the subject of the motion.

3. Attached as **Exhibit 2** is a true and correct copy of the current firm resume of Silver Golub & Teitell LLP.

4. Attached as **Exhibit 3** is a true and correct copy of the current firm resume of Sauder Schelkopf LLC.

5. Attached as **Exhibit 4** is a true and correct copy of the current firm resume of Squitieri & Fearon, LLP.

6. This action was filed in September 2022. After proceedings before the Judicial Panel on Multidistrict Litigation and actions filed in several courts were transferred to this District and consolidated into this action, Plaintiffs filed a Consolidated Class Action Complaint against Defendant Unilever United States, Inc. ("Unilever"). Throughout 2023, Plaintiffs and Unilever exchanged initial disclosures, served discovery requests, and issued responses to those requests, and Plaintiffs and Unilever briefed Unilever's motion to stay the action in deference to the FDA's

1

primary jurisdiction and Unilever's motion to dismiss.

7. In addition, Plaintiffs and Unilever conducted a mediation before the Honorable Beverly Hodgson (Ret.) on October 30, 2023. In advance of the mediation, Plaintiffs and Unilever exchanged certain pre-mediation discovery and submitted detailed mediation statements laying out their respective positions to Judge Hodgson. The mediation was unsuccessful, and the litigation continued. Plaintiffs filed an Amended Consolidated Class Action Complaint on January 29, 2024, adding claims against Defendants Voyant Beauty, LLC and Aeropres Corporation (together with Unilever, "Defendants"). The Parties briefed Defendants' several Fed R. Civ. P. 12(b)(1) and 12(b)(6) motions to dismiss. Throughout 2024, the Parties continued to engage in discovery, including exchanging discovery requests and responses, producing documents and data, and prosecuting subpoenas.

8. The Parties' discovery exchanges allowed them to be sufficiently appraised of the strengths and weaknesses of their respective positions. This included but was not limited to sales data for the Covered Products, Defendants' internal testing data, Defendants' internal investigation reports, and Covered Product specifications. In addition, Plaintiffs' Counsel consulted experts experienced in consumer product litigation, including relating to harm from benzene, manufacturing standards, and economic analysis and consulted with lab testing facility Valisure regarding the testing of Unilever's dry shampoo products ("DSPs"). Predicated on the foregoing and the extensive motion practice, the Parties were well-versed in and sufficiently informed about the facts and legal issues surrounding the action to properly evaluate any potential settlement.

9. On February 6, 2025, the Parties collectively engaged in a second mediation before the Hon. Beverly Hodgson (Ret.). The Parties again submitted detailed mediation statements to Judge Hodgson, who provided a critical analysis of the Parties' arguments in an effort to foster

resolution. Although no resolution of the action was reached during the mediation session on February 6, 2025, the parties continued to engage in hard-fought negotiations over the following weeks and ultimately executed a term sheet regarding material terms on February 20, 2025.

10. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine the contours of the proposed Settlement Class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length.

11. Plaintiffs' Counsel has devoted substantial time and resources to the prosecution of this action by investigating Plaintiffs' claims and that of the Settlement Class – bringing the alleged benzene contamination in Unilever's DSPs to light through this action, which pre-dated Unilever's recall of certain DSPs, aggressively prosecuting those claims, briefing Unilever's multiple motions to stay and Defendants' respective motions to dismiss, conducting discovery, participating in mediation, and ultimately, negotiating a favorable class action settlement.

12. Plaintiffs and their counsel recognize that, despite their belief in the strength of Plaintiffs' claims and Plaintiffs' and the Settlement Class's ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

13. Plaintiffs and their counsel are also mindful that absent a settlement, the success of Defendants' various defenses in this case could deprive Plaintiffs and Settlement Class Members of any potential relief whatsoever. Defendants are represented by highly experienced attorneys who have made clear that absent a settlement, they were prepared to continue to vigorously defend this case, including by moving for summary judgment after discovery, opposing class certification, and potentially moving for decertification or appeal of any certified class pursuant to Fed. R. Civ.

P. 23(f). Plaintiffs and their counsel are also aware that Defendants would continue to challenge liability, and assert a number of defenses. Looking beyond trial, Plaintiffs are also keenly aware that Defendants could appeal the merits of any adverse decision.

14. Plaintiffs and their counsel will continue to vigorously protect the interests of the Settlement Class. Plaintiffs' Counsel has not been paid for their extensive efforts or reimbursed for litigation costs and expenses. Plaintiffs' Counsel will apply to the Court for an award of Attorneys' Fees not to exceed $1,208,333.00 (one-third of the $3,625,000.00 Settlement Fund), and reimbursement of expenses not to exceed $115,000 (which Plaintiffs' Counsel have expended in this action), for a total amount not to exceed $1,323,333.00.

15. In addition, Plaintiffs' Counsel will request Service Awards for the Class Representatives in an amount not to exceed $500.00 each, which shall be paid from the Settlement Fund.

16. Plaintiffs' Counsel will formally request their Attorneys' Fees and Costs and the Class Representative Service Awards through a fee application that will be filed no less than 15 days before the Objection and Exclusion Deadlines.

17. With the Court's approval, the Parties have selected Angeion Group as the Claims Administrator. Angeion Group is one of the leading notice administration firms in the United States and has successfully provided notice to class members in other consumer product benzene-related settlements. *Henning v. Luxury Brand Partners, LLC,* Case No. 3:22-cv-07011-TLT (N.D. Cal. April 23, 2024); *Barnes v. Unilever United States, Inc.,* Case No. 1:21-cv-06191-MFK-MDW (N.D. Ill. Mar. 7, 2024); *Church & Dwight Co.,* Case No. 1:22-cv-6301, ECF No. 75 (N.D. Ill. Oct. 16, 2023) (Kendall, J.); *Goldstein v. Henkel Corp.,* Case No. 3:22-cv-164, ECF No. 97 (D. Conn. Dec. 13, 2023); *Bangoura v. Beiersdorf, Inc.,* Case No. 1:22-cv-291, ECF No. 40 (E.D.N.Y.

4

Jan. 10, 2023)

18. The Notice Plan is designed to give the best notice practicable, is tailored to reach the Settlement Class members, and protects their due process rights. It will provide the following information to Settlement Class members: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Filing Deadline; a date by which Settlement Class Members may exclude themselves from the Settlement Class; a date by which Settlement Class Members may object to the Settlement and/or to Plaintiffs' Counsel's Application for Attorneys' Fees, Costs and Service Awards; the date the Final Approval hearing is scheduled to occur; and the Settlement Website address at which Settlement Class members may access this Agreement and other related documents and information.

19. Plaintiffs and their counsel believe that the relief provided by the Settlement weighs heavily in favor of a finding that the Settlement is fair, reasonable, and adequate, and well within the range of approval. Indeed, the Settlement provides a full refund to Settlement Class Members with Proof of Purchase and $3.00 for each Covered Product purchased for up to four Covered Products per household to Settlement Class Members without Proof of Purchase who submit valid claims forms. This is as good a result on an individual basis as Settlement Class Members could have achieved at trial.

20. Based on the data and documents produced by Defendants discussed above (including sales data for the Covered Products, Defendants' internal testing data, Defendants' internal investigation reports, and Covered Product specifications), and their experience in other litigation (including benzene litigation), purchases of DSPs from a pool of approximately 10 million were potentially subject to the alleged benzene contamination. Further, based on price premium analyses that have been employed in other actions, the $3,625,000.00 non-reversionary

common fund represents approximately a 24% recovery as compared to the Settlement Class's best recovery at trial in compensatory damages.

21. Although the Settlement caps the number of Covered Products that Settlement Class Members without Proof of Purchase can submit claims for, this is necessary to deter fraudulent claims and ensure as much of the Settlement Fund is available to Settlement Class Members with Proof of Purchase as possible.

22. Plaintiffs' Counsel are unaware of any particular opposition to the Settlement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge. Executed in Stamford, Connecticut on May 5, 2025.

*/s/ Steven L. Bloch*
Steven L. Bloch