**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ELIZABETH LITTLE, CATHY ARMSTRONG, CLAIR AWAD, KELLY BRANCH, SUZANNE FITZGERALD, MARI GUNN, SARAH HERNANDEZ, STACY VAIL, CHRISTINA VANVLIET, BILLIE BARNETTE, and ROBERT RULLO, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>vs.<br><br>UNILEVER UNITED STATES, INC., AEROPRES CORPORATION, and VOYANT BEAUTY, LLC,<br><br>    *Defendants*. | No. 3:22-cv-01189-MPS |

## RULING ON MOTION TO MODIFY SCHEDULING ORDER AND CROSS-MOTION TO DISMISS

This consolidated class action brings together cases filed across the country alleging that the defendants—Unilever United States, Inc. ("Unilever"), Aeropres Corporation ("Aeropres"), and Voyant Beauty, LLC ("Voyant")—manufactured and sold benzene-contaminated dry shampoo products. Following my ruling denying their motion for preliminary approval of a class settlement on the ground that the plaintiffs other than Billie Barnette lacked standing, the named plaintiffs now move for a modification of the scheduling order and leave to file an amended complaint. The defendants oppose the motion and have cross-moved to dismiss the claims brought by the named plaintiffs whom I found lacked standing. While I GRANT the plaintiffs a reasonable extension of certain scheduling order deadlines, for the reasons explained below, I DENY them leave to file an amended complaint and GRANT the defendants' motion to dismiss.

## I.    PROCEDURAL BACKGROUND

1

I assume familiarity with the plaintiffs' claims and allegations. A brief procedural history is provided below.

These motions arise from my ruling on the plaintiff's motion for preliminary approval of a proposed class action settlement. ECF No. 212. In that ruling, I denied the motion because the putative class, as defined, would include class members who lacked standing under *John v. Whole Foods Market Group, Inc.*, 858 F.3d 732 (2d Cir. 2017). *See* ECF No. 212 at 15–18. I concluded that, while Plaintiff Barnette had standing to represent the settlement class, "that conclusion d[id] not extend to the other named plaintiffs." *Id.* at 13. I denied the motion without prejudice because Barnette could still seek to represent a narrower settlement class. Following the denial of their motion, the plaintiffs timely filed a status report informing the Court that "[w]ithin 14 days, [they] w[ould] file a motion (i) pursuant to Fed. R. Civ. P. 15 and 16 for leave to amend the complaint and (ii) pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16(b) to modify the scheduling orders extant in this action." ECF No. 213 at 2 (internal citations omitted). The plaintiffs subsequently filed their motion. ECF No. 215. In response, Unilever filed a brief in opposition and cross-moved to dismiss the claims of the plaintiffs I determined lacked standing. *See* ECF No. 225. Voyant and Aeropres joined Unilever's motion. *See* ECF Nos. 226, 227.

## II.    LEGAL STANDARD

### A.  Federal Rules of Civil Procedure 15 and 16

Federal Rule of Civil Procedure 15(a) allows a party to "amend its pleadings once as a matter of course no later than: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with

the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* 15(a)(2).

"Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). Under Rule 16(b), a party may obtain a modification of the scheduling order by demonstrating "good cause." Fed. R. Civ. P. 16(b)(4). "'[G]ood cause' depends on the diligence of the moving party." *Kassner*, 496 F.3d at 243; *see also* D. Conn. L. Civ. R. 16(b) ("The good cause standard requires a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan."). "[A] district court, despite the standard of the second sentence of Rule 15(a), does not abuse its discretion in denying leave to amend the pleadings where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in the scheduling order." *Kassner*, 496 F.3d at 243. "Rule 16(b) . . . is designed to offer a measure of certainty in pretrial proceedings . . . [and] provides the district courts discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side." *Id.* (internal quotations omitted).

## B. Federal Rule of Civil Procedure 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v.*

*United States*, 201 F.3d 110, 113 (2d Cir. 2000).[1] "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* In adjudicating a motion to dismiss under Rule 12(b)(1) on the pleadings, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor" except for "argumentative inferences favorable to the party asserting jurisdiction." *Buday v. New York Yankees P'ship*, 486 F. App'x 894, 895 (2d Cir. 2012). "In the absence of standing, a court lacks the requisite subject matter jurisdiction over the case." *HealthNow New York Inc. v. New York*, 448 F. App'x 79, 81 (2d Cir. 2011) (summary order).

## III.    DISCUSSION

The plaintiffs seek a modification of the scheduling order and leave to file an amended complaint. ECF No. 215. The defendants oppose the motion and have cross-moved to dismiss the claims brought by ten of the eleven named plaintiffs. ECF No. 225. Because the cross-motion concerns standing, a threshold issue, I address it first.

### A. Defendants' Cross-Motion to Dismiss

---

[1] While the defendants do not expressly invoke Rule 12(b)(1), the rule is the proper vehicle for resolving a motion to dismiss predicated on lack of standing. *Barbosa v. Phoenix Sutton Str. Inc.*, No. 22-cv-00666, 2025 WL 1078877, at *3 (E.D.N.Y. Apr. 10, 2025) ("A motion to dismiss for lack of standing is construed as a motion to dismiss under Rule 12(b)(1)."). Although the plaintiffs suggest that I should require the defendants to file a new Rule 12(b)(1) motion before entertaining dismissal, I see no reason to do that under the circumstances of this case. When the parties filed their notice of settlement, a fully briefed motion to dismiss based on standing grounds was pending. *See* ECF Nos. 125, 126. Indeed, that motion represented the second round of such briefing because the defendants had moved to dismiss an earlier version of the complaint on standing grounds, as well. ECF Nos. 74, 75. Further, the named plaintiffs received an additional opportunity to brief the standing issue—one informed by my own concerns about standing—after I issued the November 20, 2025 order to show cause. ECF Nos. 208, 209, 210. In light of this procedural history, the defendants' current request that I dismiss the claims of ten of the eleven plaintiffs for lack of standing is best understood as a renewal of their previous Rule 12(b)(1) motions, all of which were denied without prejudice.

In my ruling denying preliminary approval of the plaintiffs' class action settlement, I concluded that Barnette had plausibly alleged an injury-in-fact but noted that "that conclusion does not extend to the other named plaintiffs." ECF No. 212 at 13. Accordingly, I found those plaintiffs lacked standing. *Id.* at 13-15. The defendants argue that the plaintiffs' claims should be dismissed on that basis. ECF No. 225 at 15-16. I agree. "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005). Accordingly, I dismiss the claims brought by Little, Armstrong, Awad, Branch, Fitzgerald, Gunn, Hernandez, Vail, VanVliet, and Rullo, for the reasons set forth in my ruling denying preliminary approval of the class settlement. ECF No. 212 at 13-18.

### B. Plaintiffs' Motion to Modify the Scheduling Order

Under the operative scheduling order, the deadline to amend the pleadings was January 29, 2024—over two years before the plaintiffs filed their present motion to modify the scheduling order. *See* ECF Nos. 91, 215. That deadline came into effect after the plaintiffs sought and were granted leave to modify the original deadline of October 31, 2023. *See* ECF No. 70 ("Any motion to amend the complaint or to join parties is due 21 days from the filing of the motion to dismiss."); ECF No. 74 (Unilever's first motion to dismiss, dated October 10, 2023); ECF No. 80 (plaintiffs' first motion to modify the scheduling order); ECF No. 91 (order granting the modification). In granting the modification, I warned the plaintiffs "that the Court will not allow any further amendments beyond this date absent a showing of good cause." *Id.* The plaintiffs now seek once again to modify this deadline (as well as others) and to file a second amended consolidated class action complaint. ECF No. 215-3 at 2. This second amended complaint would (1) "further detail[

] the manufacturing process of the products at issue," (2) "detail[ ] the scope of the contamination of the dry shampoo products and recalled products," (3) "detail[ ] Plaintiffs' purchased products that were named in the recall and sold during the relevant time period, and (4) "refin[e] the class definition to the time period between 2018 . . . and 2023 . . . ." ECF No. 215-3 at 9.  Because the plaintiffs have failed to show good cause, I decline to modify the amended pleadings deadline and deny them leave to file an amended complaint.

    i.    *Diligence*

A party seeking to modify a scheduling order's amended pleadings deadline must show good cause, which "turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). The plaintiffs argue that by "moving to amend the complaint [ ] less than 30 days" following my denial of their motion for preliminary approval, they have established diligence. ECF No. 215-3 at 3. I disagree. Though the plaintiffs contend that their amended complaint would "address the concerns raised by the Court in its denial of Plaintiffs' motion for preliminary approval" by "illustrat[ing] how [their] purchases of the contaminated dry shampoo products . . . meet the 'low threshold required to plead injury in fact' for establishing [their] Article III standing, as set forth in [*John*]," *id.* at 2–3, seeking to rectify these standing deficiencies only now, after an adverse ruling, is not indicative of diligence. The plaintiffs had lengthy prior notice of the defendants' standing arguments.

The defendants first challenged the named plaintiffs' standing in their memorandum in support of their initial motion to dismiss, filed on October 10, 2023. *See* ECF No. 75 at 32-33. That memorandum, invoking the standing requirements set forth in *John*, noted that "all but two plaintiffs have alleged only the brands they bought—not the specific products," and argued that

the plaintiffs' allegations were "insufficient to show a particularized injury." *Id.* at 34. The plaintiffs subsequently moved to modify the scheduling order and extend the deadline to amend their complaint and join additional parties. ECF No. 80. I granted their motion and extended the amended pleadings deadline to January 29, 2024. While plaintiffs arguably had time to amend their pleadings in response to the defendants' standing arguments under the original deadline (October 31, 2023), the extension gave them an additional two months to do so. Plaintiffs thereafter filed an amended complaint that joined additional parties, ECF No. 101, but failed to address these standing arguments in the form of amended pleadings.

The plaintiffs argue that the additional facts they seek to allege are "newly discovered," and were "not available when [they] previously amended their complaint." ECF No. 215-3 at 9. That may be true of the allegations related to dry shampoo manufacturing or the scope of the contamination, but the plaintiffs do not explain how the facts pertaining to their standing—facts, as the defendants point out, that were "within each plaintiff's personal knowledge," *see* ECF No. 225 at 3—were unavailable prior to the expiration of the amended pleadings deadline.

Assuming, for the sake of argument, that these facts were unobtainable prior to the deadline, the plaintiffs still fail to address why they have waited until *now* to include them. Twenty-five months passed from the date the amended pleadings deadline expired to the date I found the standing argument raised in the defendants' motion to dismiss—or at least a species of that argument—meritorious. *See* ECF No. 212 at 13 ("Though I conclude that Barnette has plausibly alleged an injury-in-fact, that conclusion does not extend to the other named plaintiffs."). The plaintiffs suggest that now is the appropriate time to seek amendment because it is only now that they know my position on the defendants' standing argument. They note that "at the time the

parties filed their joint notice of settlement . . . the Court had not ruled on Defendants' motion to dismiss," and that "[u]ntil the Court issued the February 17, 2026 Order denying the motion for preliminary approval without prejudice, the Plaintiffs did not have benefit of the Court's guidance or concerns." ECF No. 229 at 4. But plaintiffs are not entitled to judicial guidance in crafting their claims, and the principles of standing I applied in the ruling denying preliminary approval of the settlement have been well-established since the Second Circuit's 2017 decision in *John.*

As to the proposed allegations pertaining to the defendants' manufacturing practices or the scope of the benzene contamination, I agree with the defendants that the theories these allegations seek to advance were already rejected in my ruling denying the plaintiffs' motion for preliminary approval. *See* ECF No. 225 at 11 ("The Court considered Plaintiffs' request that the Court infer contamination across all of Unilever's dry shampoo products based upon 'the use of the same propellant from the same suppliers at the same manufacturing facilities', and based upon 'product recalls, third-party testing, and an FDA warning letter,' and rejected it as 'a stretch too far under the fact-specific standing analysis John requires[.]' The Proposed SAC merely repackages and expands upon those same assertions.") (internal citations and quotations omitted) (citing ECF No. 212 at 17). A court, in its discretion, may deny leave to amend when the proposed amended complaint would be deficient as a matter of law or otherwise futile. *See Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 132 (2d Cir. 1993) (concluding that the district court did not abuse its discretion in denying leave to amend, a conclusion "confirmed by [the court's] review of the proposed amended complaint," which did not allege facts sufficient to state a claim). These "new facts" are not specific enough to shore up the standing of ten of the named plaintiffs.

8

The plaintiffs seek to plead additional facts related to Unilever's dry shampoo products being manufactured at a single facility, Voyant's manufacture of these products using a blend of "conforming" and "non-conforming" propellant, and an FDA investigation suggesting that Unilever's recall was "underinclusive and insufficient." *See* ECF No. 215-3 at 7–8. But, as I previously stated, *John*'s standing analysis is "fact specific." *See* ECF No. 212 at 17. While *John* permits me to infer that a party suffered injury when she alleges she purchased from a particular product line found by third-party testing to have been "systematically" contaminated, I cannot draw such an inference from allegations that only vaguely suggest generalized contamination across *all* products lines.

Moreover, and similar to the proposed allegations concerning the named plaintiffs' standing, the plaintiffs have failed to demonstrate diligence in seeking to bring these allegations *now*. The plaintiffs argue that they "obtained these facts, in substantial part, [during] discovery after the operative complaint was filed on January 29, 2024."[2] ECF No. 229 at 5. There were, however, approximately 13 months between the filing of the amended consolidated complaint and the plaintiffs' notice of settlement. *See* ECF No. 191 (filed February 20, 2025). During that time, discovery was ongoing. Because the plaintiffs make no effort to show when during that lengthy interval they acquired this information nor why it is only now they are seeking the modification and amendment, they have failed to demonstrate diligence.[3]

---

[2] Though the plaintiffs also concede that "certain facts . . . were obtained though the declarations submitted by Voyant . . . and Aeropres . . . in support of their motions to dismiss," ECF No. 229 at 5, which were filed on March 27, 2024.

[3] In support of their diligence argument, the plaintiffs cite my ruling in *NovaFund Advisors, LLC v. Capitala Grp., LLC*. See ECF No. 215-3 at 10 (citing No. 3:18-cv-1023 (MPS), 2020 WL 230089, at *15 (D. Conn. Jan. 14, 2020)). But their characterization of that ruling misconstrues both the case's procedural posture and my reasoning. *See* ECF No. 215-3 at 10 (describing *NovaFund* as a case where I found "the defendant had not violated Rule 16 even though it filed a motion to amend its counterclaim six months after the deadline to do so because it was reasonable for the

*ii.   Prejudice*

"Rule 16(b), in allowing modifications of scheduling orders only for good cause, provides the district courts discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side." *Kassner*, 496 F.3d at 243–44. The plaintiffs argue that the "prompt filing" of their motion "ensured there was no undue dela[y] and, because Plaintiffs' proposed amendment does not change the nature of Plaintiffs' claims, there is no undue prejudice caused to Defendants." ECF No. 215-3 at 11. I disagree. The plaintiffs' lengthy delay in filing the motion also bears on the prejudice analysis. *See also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice."). As to the plaintiffs' second point—that the defendants "will simply be required to litigate this action as they would prior to the settlement," *id.*—that is true but incomplete and, in any event, much has changed since the parties reached a settlement. It is incomplete because when the joint notice of settlement was filed, the defendants' standing-based motions to dismiss were pending, and I was poised to rule on them. After the settlement, my resolution of the parties' standing arguments narrowed both the plaintiffs' claims and the permissible scope of discovery, making the case less sweeping and, consequently, less expensive for the defendants to litigate. It would be plainly prejudicial to the defendants if, having

---

defendant to wait until after the court decided the defendant's motion to dismiss, and the defendant filed the motion to amend within 30 days after the court's denial of its motion to dismiss."). In *NovaFund*, I granted the defendant's motion to join additional parties to its counterclaim, despite the fact that the initial amended pleadings and joinder deadline had long since passed. *See id.* at *17. I found it significant that the defendant had challenged the Court's personal jurisdiction over it in its motion to dismiss, which provided some grounds for its failure to file an answer and counterclaim sooner. *Id.* at *15. In addition, after my ruling on the motion to dismiss, I had reset the pretrial deadlines "but I neglected to include an updated deadline to amend pleadings." Finally, the counterclaim Plaintiff had filed the motion to amend "after only a month and a half of discovery." *Id.* As shown, the procedural circumstances here are very different.

found that most of the plaintiffs lacked standing, I nevertheless permitted ten of the eleven plaintiffs to replead standing two and a half years after the deadline for amended pleadings and nearly four years after this case was first filed.

## IV.    CONCLUSION

For the reasons explained above, the defendants' motion to dismiss (ECF No. 225) is GRANTED. Because their previous motion to dismiss Barnette's claim on Rule 12(b)(6) grounds was denied without prejudice in light of the parties' settlement, *see* ECF No. 192, I also GRANT them leave to renew that motion as to the claims brought by Plaintiff Barnette. They shall file any such motion no later than **July 15, 2026**. The plaintiffs' motion to modify the scheduling order (ECF No. 215) is GRANTED in part and DENIED in part. As explained above, I DENY the plaintiffs' request for a modification of the amended pleadings deadline and for leave to file an amended complaint. I nevertheless GRANT the plaintiffs a reasonable extension of the deadlines that were in effect at the time the parties reached a settlement. Specifically, the following deadlines shall govern the case:

1. Fact discovery, including witness depositions, will be completed by **September 23, 2026.**

2. A damages analysis will be provided by any party who has a claim or counter claim for damages by **October 21, 2026.**

3. The parties' expert reports on issues on which they bear the burden of proof will be due **October 21, 2026**. Depositions of such experts will be completed by **November 20, 2026**.

4.  The parties' expert reports on issues on which they do not bear the burden of proof will be due **December 21, 2026**. Depositions of such experts will be completed by **January 19, 2027**.

5.  Discovery, including depositions of expert witnesses, if necessary, pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by **January 19, 2027**.

6.  Plaintiffs' motion for class certification is due **February 19, 2027**. Briefing will proceed in accordance with the deadlines in the Local Rules.

7.  Dispositive motions are due 30 days following the Court's ruling on class certification. The parties shall file response and reply briefs within the time limits set forth in the Local Rules of Civil Procedure.

8.  The Joint Trial Memorandum is due 30 days following the Court's ruling on dispositive motions if any are filed.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       June 24, 2026